UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEVE ALECCA,

    Plaintiff,

v.                                              Case No: 3:13-cv-163-J-39PDB

AMG MANAGING PARTNERS, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Magistrate Judge Patricia D. Barksdale's Report and Recommendation (Doc. 22), entered on March 20, 2014. In the Report, Magistrate Judge Barksdale recommends that Plaintiff's Motion for Entry of Default Judgment (Doc. 15) be granted in part, and that the Clerk of the Court be directed to enter judgment in favor of Plaintiff.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1)(C). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the Magistrate Judge's Report, the Court accepts and adopts the Magistrate Judge's legal and factual conclusions and grants in part

Plaintiff's Motion for Entry of Default Judgment. The Magistrate Judge determined that Plaintiff is entitled solely to statutory damages, attorney fees, and costs. Plaintiff, in Response to the Court's Report and Recommendation (Doc. 23), objected to the Magistrate Judge's conclusion that actual and punitive damages are inappropriate. This objection is overruled.

Punitive damages are inappropriate as Plaintiff failed to prove that Defendant "acted with malicious intent." See Montgomery v. Florida First Financial Group, Inc., No. 6:06-cv-1639, 2008 WL 3540374, at *10 (M.D. Fla. Aug. 12, 2008). Plaintiff insists he has established grounds for punitive damages by showing Defendant had "no excuse" for its conduct (Doc. 28 at 1). The Court finds this liberal construction of "malicious intent" unpersuasive. As the Magistrate Judge's analysis indicates, Defendant's conduct in this case is comparable to conduct that courts have deemed to fall short of the standard of malice. (Doc. 22 at 12). Similarly, Defendant's behavior is distinguishable from conduct that courts have found evinces malice.

The court in Montgomery found malicious intent where the creditor had impersonated a police officer and threatened the debtor with imminent arrest on multiple occasions. In the case at hand, the creditor's threat to suspend Alecca's driver's license, while inappropriate, is substantively less egregious than the intimidation tactics used by the Montgomery creditor. In Montgomery, the creditor's threat was bolstered by assertions that they were a law enforcement officer, that they had signed a warrant for the debtor's arrest and commanded deputies to effectuate the warrant. Montgomery, 2008 WL 3540374, at *3. These statements falsely imply that the creditor possessed

the authority to make good on their threats. The creditor in this case made no such representations.

Plaintiff also objects to the Magistrate Judge's finding that actual damages are inappropriate. Actual damages for emotional distress are allowable under the FDCPA (Minnifleld v. Johnson & Freedman, LLC, 448 Fed. App'x 914, 916 (11th Cir. 2011), and the analysis is not subject to state laws that might bar recovery for emotional distress related injury absent proof of physical bodily contact or malicious intent. Crespo v. Brachfeld Law Grp., 11-60569-CIV, 2011 WL 4527804, at *5 (S.D. Fla. Sept. 28, 2011). ("Courts interpreting the FDCPA have allowed recovery for actual damages related to emotional distress without pleading an intentional infliction of emotional distress claim.").

Plaintiff asserts an award of actual damages is justified because he "lost the enjoyment of life and experienced emotional distress" (Doc. 23 at 2) when he was embarrassed by the creditor's misconduct. Emotional distress must have a severe impact on the sufferer to justify an award of actual damages. Titus v. Commercial Recovery Sys., Inc., 8:13-CV-00567-T-27, 2014 WL 55016, at *2 (M.D. Fla. Jan. 7, 2014). To find evidence of severe impact, courts look for medically significant physical symptoms of the underlying mental anguish, or a combination of genuine fear, humiliation, and anxiety. Crespo, 2011 WL 4527804, at *5. (finding Plaintiff's "stress related injuries of angina, chest constrictions, [and] shock" created a disputed issue of material fact as to whether Plaintiff was entitled to actual damages for emotional distress); Barker v. Tomlinson, 8:05-CV-1390-T-27EAJ, 2006 WL 1679645, at *3 (M.D. Fla. June 7, 2006) (awarding actual damages for emotional distress because Plaintiff

genuinely feared creditor's threat of arrest, was humiliated when coworker's learned she might be arrested, and felt anxiety for the wellbeing of her young children).

Plaintiff in this case did not display medically significant physical symptoms of emotional distress nor did Plaintiff experience fear and anxiety in addition to his embarrassment, as was the case in Barker. Unlike in Barker, where plaintiff's coworkers' overheard that she was going to be arrested, a slanderous rumor commonly associated with criminal mischief, Plaintiff's embarrassment here was triggered when his father, landlord, and roommate learned of the mere truth that he owed a debt. Thus, Plaintiff's embarrassment is less severe than the humiliation suffered by the Barker plaintiff. Plaintiff's claim that the creditor caused him embarrassment, without more, does not merit an award of actual damages.

Therefore, after due consideration, it is hereby

**ORDERED:**

1. Magistrate Judge Patricia D. Barksdale's Report and Recommendation (Doc. 22) is **ADOPTED** as the opinion of the Court.

2. Plaintiff's Motion for Entry of Default Judgment (Doc. 15) is **GRANTED in part** as provided in the Report and Recommendation.

3. The Clerk is directed to enter final judgment by default in favor of Plaintiff, and against Defendant, AMG Managing Partners, LLC, in the total amount of $5,945.00 (representing $1,000.00 in statutory damages under the FDCPA, $1,000.00 in statutory damages under the FCCPA, $3,580.00 in attorney and paralegal fees, and $365.00 in costs).

  4. Plaintiff's Response to the Court's Report and Recommendation (Doc. 23), construed as an objection, is **OVERRULED**.

  5. This case is **DISMISSED WITH PREJUDICE**. The Clerk shall close the file.

  **DONE** and **ORDERED** in Jacksonville, Florida this 2nd day of July, 2014.

            _____
            BRIAN J. DAVIS
            United States District Judge

bb
Copies furnished to:

The Honorable Patricia D. Barksdale
United States Magistrate Judge

Counsel of Record

AMG Managing Partners, LLC
4244 Ridge Lea, Suite 14
Amherst, New York 14226